UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BLAINE LAMBERT,

    Plaintiff,

v.                                                Case No: 8:17-cv-1129-T-30JSS

UNITED PARCEL SERVICE, INC.,

    Defendant.

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss Count IV (Doc. 10) and Plaintiff's Response in Opposition (Doc. 11). Upon review, the Court concludes that Defendant's motion should be denied.

## BACKGROUND

Plaintiff Blaine Lambert filed this action against Defendant UPS in May 2017. He alleges that UPS violated the Uniformed Services Employment and Reemployment Rights Act ("USERRA") by unlawfully limiting his ability to seek reemployment (Count I), failing to reemploy him after his military service concluded (Count II), discriminating against him on the basis of his military service (Count III), and retaliating against him for attempting to exercise his rights under USERRA (Count IV).

In the Complaint (Doc. 1), Plaintiff makes the following factual allegations, which the Court must take as true. Plaintiff worked as a clerk at UPS from 2005 to 2008, until he joined the United States Army. Before he entered the Army, Plaintiff informed his

supervisor of his pending military leave and his desire to continue working for UPS upon its completion. As late as March 2011, Plaintiff's former supervisor confirmed that Plaintiff would have his job waiting for him upon his return. The Army honorably discharged Plaintiff in September 2011. Despite multiple requests to be reemployed, UPS did not reemploy Plaintiff. Plaintiff ultimately obtained a different job.

In July 2015, Plaintiff retained an attorney, who sent a letter to the General Counsel of UPS, informing UPS that its failure to reemploy Plaintiff violated USERRA. Shortly thereafter, UPS's Division Manager sent a letter to Plaintiff that stated as follows: "It has been brought to my attention by your manager that you are on an unauthorized leave. THIS IS YOUR FINAL WARNING! If you do not report to work within 48 hours from receipt of this letter, your employment with UPS will be terminated." (Doc. 1, ¶ 26.) Plaintiff called his former supervisor to explain that he could not report to UPS within 48 hours but still hoped to return to work at UPS. Plaintiff did not report to UPS within 48 hours, and UPS did not reemploy him.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a complaint when it fails to state a claim upon which relief can be granted. When reviewing a motion to dismiss, a court must accept all factual allegations contained in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citation omitted). It must also construe those factual allegations in the light most favorable to the plaintiff. *Hunt v. Aimco Properties, L.P.*, 814 F.3d 1213, 1221 (11th Cir. 2016) (internal citation omitted).

To withstand a motion to dismiss, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Pleadings that offer only "labels and conclusions," or a "formulaic recitation of the elements of a cause of action," will not do. *Twombly,* 550 U.S. at 555.

## DISCUSSION

Congress enacted USERRA to prohibit employment discrimination on the basis of military service and to provide prompt reemployment to individuals who engage in non-career military service. *See* 38 U.S.C. § 4301. USERRA includes an anti-retaliation provision, which makes it unlawful for an employer to take an adverse employment action against an employee who attempts to enforce USERRA's protections. *Id.* § 4311(b). To establish a prima facie case of retaliation, an employee must generally demonstrate the following: (1) he engaged in a protected activity; (2) he suffered an adverse employment action; and (3) there was a causal connection between the protected activity and the adverse employment action. *See, e.g.*, *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1363 (11th Cir. 2007) (internal citation omitted) (articulating elements in context of Title VII claim).

Defendant argues that Plaintiff has failed to state a retaliation claim because he has not alleged that UPS took an adverse employment action against him. Plaintiff's retaliation claim is based on UPS's actions after Plaintiff's attorney sent it a demand letter asserting Plaintiff's rights under USERRA. According to Defendant, issuing the 48-hour notice did

not constitute an adverse employment action because it did not impact Plaintiff's employment status. If UPS allegedly failed to reemploy Plaintiff in 2011, a notice sent in 2015 would have had no impact on his employment with UPS.

Plaintiff need not claim that UPS's actions impacted his employment status in order to properly allege an adverse employment action. In the context of a retaliation claim, "the type of employer conduct considered actionable has been broadened from that which adversely affects the plaintiff's conditions of employment or employment status to that which has a materially adverse effect on the plaintiff, irrespective of whether it is employment or workplace-related." *Crawford v. Carroll*, 529 F.3d 961, 973 (11th Cir. 2008). Under this "decidedly more relaxed" standard, a materially adverse action is one that "well might have dissuaded a reasonable worker from making . . . a charge of discrimination." *Id.* at 973-74 (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006)).[1]

Here, Plaintiff has alleged that UPS responded to his attempt to assert his rights by falsely accusing him of misconduct (which likely tarnished his personnel file) and threatening to terminate him. If UPS did indeed consider Plaintiff to have been on leave from 2011 to 2015, it may even have terminated him—or decided not to reemploy him—

---

[1] *Crawford* and *Burlington* dealt with retaliation claims raised under Title VII and not USERRA. However, in the absence of controlling precedent defining an adverse employment action under USERRA, the Court thinks it is appropriate to rely on this Title VII jurisprudence. *C.f. Ward v. United Parcel Serv.*, 580 F. App'x 735, 739 (11th Cir. 2014) (using Title VII causation principles to evaluate USERRA retaliation claim).

based on that notice. Depending on the factual context, which will be revealed by discovery, UPS's actions could well have dissuaded an employee from making a charge of discrimination. As such, Plaintiff's allegations are sufficient to withstand a motion to dismiss.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion to Dismiss Count IV (Doc. 10) is denied.

**DONE** and **ORDERED** in Tampa, Florida, on July 21, 2017.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record