**IN THE UNITED STATES DISTRICT COURT FOR**
**THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

BLAINE LAMBERT,

                              Plaintiff,                    Case No. 8:17-cv-01129-JSM-JSS

v.

UNITED PARCEL SERVICE, INC.,

                              Defendant.

---

## MOTION TO ENFORCE SETTLEMENT AGREEMENT AND INCORPORATED MEMORANDUM OF LAW

Plaintiff and Defendant agreed to settle the above-captioned action. As part of the

Settlement Agreement Defendant agreed to pay Plaintiff a monetary amount to settle the case

plus an amount for attorneys' fees and costs and make said payments by January 19, 2018.

Despite repeated requests from Plaintiff's counsel, Defendant has yet to pay Plaintiff or

Plaintiff's counsel. Pursuant to the terms of the Settlement Agreement which provides that this

Court has jurisdiction to enforce the Agreement, Plaintiff files this motion to enforce the

agreement and to require Defendant UPS to pay fees and costs as required by the Settlement

Agreement.

### I.    Background and Facts.

1.    On January 4, 2018, the Parties agreed to settle the above captioned lawsuit.

(Crotty Decl. ¶2) The Settlement Agreement, page 2, ¶B§1(a), provides, in relevant part, that

"within fifteen (15) days after Lambert signs this Agreement and returns it to counsel for UPS,

UPS will pay Lambert" the compensation set out in the Settlement Agreement.[1] (Crotty Decl. at Ex. A)

2.      Mr. Lambert executed the Settlement Agreement on January 4, 2018. (Crotty Decl. at ¶3 & Ex. A pg. 8)

3.      Mr. Lambert's attorney emailed the signed Settlement Agreement to UPS's counsel on January 4, 2018. (Crotty Decl. at ¶4 & Ex. B)

4.      Under the Settlement Agreement UPS had until January 19, 2018, to pay Mr. Lambert the settlement amount plus an agreed-upon amount for attorneys' fees. (Crotty Decl. Ex. A *citing* Settlement Agreement at page 2, ¶B§1(a))

5.      On January 17, 2018, Mr. Lambert's counsel asked UPS's counsel to provide a status update as to when the settlement monies would arrive. (Crotty Decl. Ex. C)

6.      On January 19, 2018 (the deadline for UPS to provide payment under the Settlement Agreement), Mr. Lambert's counsel informed UPS's counsel that payment had not been received to which Defendant's attorney replied that the check would be sent "shortly." (Crotty Decl. Ex. D)

7.      When the checks were still not received on January 22, 2018, Mr. Lambert's counsel asked UPS's counsel confirm that the checks had been sent and requested the tracking number for the checks. (Crotty Decl. Ex. E) UPS responded by asking plaintiff to complete a W-9, which plaintiff did promptly, and informing Plaintiff's counsel that the "checks are in the mail" and that "we will have them Thursday," i.e. January 25, 2018. (Crotty Decl. ¶7 & Ex. E)

---

[1] The compensation amount is redacted. If the Court requires Plaintiff will inform the Court of the settlement amount.

8.      On January 26, 2018, Mr. Lambert's counsel informed UPS's counsel that the checks still had not been received to which UPS's counsel replied that "[y]ou will have both checks on Tuesday [January 30, 2018].  On Monday [January 29, 2018] I will send you the tracking numbers on Monday." (Crotty Decl. at Ex. F)

9.      UPS's counsel did not provide the tracking numbers on Monday January 29, 2018. When Plaintiff's counsel did not receive any check from UPS on January 30, 2018, he informed UPS's counsel that UPS had been in breach and that Plaintiff intended to file a motion to enforce the settlement agreement. (Crotty Decl. ¶9)

10.     UPS's counsel did not respond until January 31, 2018 and merely promised, yet again that *Defendant's* counsel would "have everything by Thursday", February 1, 2018. (Crotty Decl. at Ex. G).

As this is at least the third time since the payment due date that UPS has promised but failed to make payment, Plaintiff seeks an order requiring such payment to be made.

## II.     Argument.

"The elements of a breach of contract action are (1) a valid contract; (2) a material breach; and (3) damages." *Beck v. Lazard Freres & Co., LLC*, 175 F.3d 913, 914 (11th Cir. 1999).  There should be no dispute that (1) the Settlement Agreement is a valid contract between Plaintiff and UPS and (2) UPS breached the Settlement Agreement by having failed to give Plaintiff the agreed to compensation under the Agreement by January 19, 2018 - - - the date payment was due.

With respect to damages, Plaintiff himself has been damaged as he has been deprived of the use of the money. Accordingly, Plaintiff respectfully requests that the Court order Defendant to pay Plaintiff interest at the Florida rate from January 19, 2018, until the date payment is received. *See e.g. Dep't of Transp. v. Hawkins Bridge Co.*, 457 So. 2d 525, 528 (Fla. Dist. Ct. App.

3

1984)("Under Florida law, a party may recover prejudgment interest on damages for breach of contract *as an element of the damages.*")(emphasis in original). The Settlement Agreement also requires that a party found to be in breach of the Settlement Agreement to pay attorneys' fees associated with the Settlement Agreement being breached. (Crotty Decl. Ex. A *citing* Settlement Agreement pg. 6, §4) Thus, Plaintiff requests that the Court order UPS to pay the attorneys' fees Mr. Lambert incurred in conjunction with his having to enforce the Settlement Agreement. Plaintiff will provide its prejudgment interest calculation and attorneys' fee accounting should the Court so request.

## III.   Conclusion.

The Court should (a) order UPS to pay Mr. Lambert and his attorneys' the agreed-upon amounts in the Settlement Agreement  (b) order UPS to pay Mr. Lambert interest from January 19, 2018, until the date the payment is received and (c) pay Mr. Lambert's attorneys' fees and costs incurred with the filing of this motion.


Dated: January 31, 2018                    Respectfully submitted,


                                             _Matthew Z. Crotty_____
                                             MATTHEW Z. CROTTY, admitted *pro hac vice*
                                             CROTTY & SON LAW FIRM, PLLC
                                             905 West Riverside, Suite 409
                                             Spokane, WA 99201-0300
                                             Telephone: 509-850-7011
                                             Email: matt@crottyandson.com

                                             R. JOSEPH BARTON, admitted *pro hac vice*
                                             BLOCK & LEVITON LLP
                                             1735 20th Street
                                             Washington D.C. 20009
                                             Telephone: 202-734-7046
                                             Email: jbarton@blockesq.com

JOHN AGNEW
HENDERSON, FRANKLIN, STARNES & HOLT, P.A.
1715 Monroe Street
Fort Myers, FL 33902
Telephone: 239-344-1364
Email: John.Agnew@henlaw.com


Attorneys for Plaintiff

## <u>CERTIFICATE OF SERVICE</u>

*I hereby certify* that on **January 31, 2018**, I served the above-captioned document on the

following counsel of record for Defendant via the Court's CM/ECF system:

> Kelly-Ann G. Cartwright
> Christine Fuqua Gay
> 701 Brickell Avenue
> Suite 2200
> Miami, FL 33131
> Email: kelly-ann.cartwright@hklaw.com
> Email: christine.gay@hklaw.com

*Matthew Z. Crotty*_____
MATTHEW Z. CROTTY, admitted *pro hac vice*